Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| RAMÓN ANTONIO APONTE CRUZ; HAYDEE BASCÓ MORALES Y LA SLG COMPUESTA POR AMBOS<br><br>Demandante-Apelado<br><br>Vs.<br><br>ARTURO MORALES MORALES; LURIANNE GARCÍA PIAZZA Y LA SLG COMPUESTA POR AMBOS<br><br>Demandado-Apelante | TA2026AP00092 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Comerío<br><br>Caso Núm. CR2025CV00341<br><br>Sala: 001<br><br>Sobre:<br><br>SENTENCIA DECLARATORIA |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece la parte apelante compuesta por, el señor Arturo Morales y la señora Lurianne García y nos solicitan la revocación de la sentencia declaratoria dictada por el Tribunal de Primera Instancia, Sala Superior de Comerío. La sentencia apelada fue dictada el 30 de diciembre de 2025 y notificada y archivada el mismo día. Mediante la sentencia el foro de primera instancia declaró "Ha lugar" la demanda sobre Sentencia Declaratoria presentada por la parte apelada compuesta por el señor Ramón Antonio Aponte Cruz y su esposa la señora Haydee Bascó Morales y la Sociedad Legal de Bienes Gananciales compuesta por ambos. El foro apelado aclaró los derechos y obligaciones respecto a la servidumbre de paso que afecta las propiedades de ambas partes.

Por los fundamentos expuestos en esta sentencia, *confirmamos* la sentencia apelada.

## -I-

El 8 de agosto de 2025 la parte apelada presentó la demanda en el caso de marras. La parte apelante presentó *Contestación a Demanda y Reconvención* el 10 de octubre de 2025. El 15 de octubre de 2025 la parte apelante presentó *Moción en Solicitud de Vista Ocular* y al siguiente día la parte apelada presentó moción titulada "Contestación a Reconvención". Allí se anejaron 16 fotos que evidenciaban el uso de la servidumbre como estacionamiento por la parte apelante. El día 17 de octubre de 2025 el foro primario emitió la siguiente orden:

> El tribunal emitió la orden para tener la posición de todas las partes por lo temprano del proceso. Las partes coinciden en celebrar la vista ocular. Deben comunicarse y ofrecer tres fechas disponibles en el término de quince (15) días.

Las partes comparecieron y sugirieron diferentes fechas para la vista ocular. El 21 de octubre de 2025 el foro apelado señaló la vista ocular para el 12 de noviembre de 2025 a las 9:30 am en el lugar de la controversia y ocurrió según pautado. El día 17 de noviembre de 2025 se registró minuta de la celebración de la vista ocular. Según la minuta, la parte apelante solicitó verbalmente 30 días para presentar memorando de derecho. El foro primario declaró la solicitud "Con Lugar". Las partes consintieron a que se diera el caso por sometido con las alegaciones de las partes y se declararan los derechos que correspondan a cada una sobre la servidumbre de paso. El día 23 de diciembre de 2025 la parte apelante presentó el memorando de derecho. El 30 de diciembre de 2025 el tribunal emitió *Sentencia* aclarando los derechos y obligaciones de las partes.

Inconforme, la parte apelante compareció por derecho propio para cuestionar la sentencia apelada. En su apelación señala los siguientes errores:

Primer Error: Erró el Tribunal de Primera Instancia al desnaturalizar la servidumbre de paso sine qua non, tratándola en la práctica como un área de uso compartido o residual del predio sirviente, en lugar de reconocerla como un derecho real limitado constituido en beneficio exclusivo del predio dominante.

Segundo Error: Erró el Tribunal al acoger como hechos probados alegaciones de la parte demandante que no fueron demostradas por la prueba, tales como el supuesto uso de la servidumbre para la siembra de un jardín, aun cuando el propio Tribunal no reconoció la existencia de dicho jardín tras la celebración de la vista ocular y sobre el uso de la servidumbre como estacionamiento y no como detenciones, por ser la misma en forma inclinada, tan es así que el propio Honorable Juez en su vehículo se detuvo en la servidumbre porque no hay otro lado de detención.

Tercer Error: Erró el Tribunal al no adjudicar ni analizar de forma expresa y fundamentada la aplicabilidad de la Ley 140 vigente entre las partes, a pesar de haber sido debidamente planteada y sustentada por la parte apelante en su Memorando Final. Ello, aun cuando el propio Tribunal ordenó como remedio la remoción de dos tubos y una cadena colocados en el área de la servidumbre, así como dispuso que el querellado no puede estacionar su vehículo dentro del área de la servidumbre de paso. Dichas órdenes evidencian un reconocimiento implícito de conductas prohibidas por ley, pero carecen de un análisis jurídico claro que delimite su alcance y fundamento, privando a la Ley 140 del efecto normativo que correspondía y dejando sin anclaje legal preciso las medidas ordenadas.

Cuarto Error: Erró el Tribunal al autorizar al predio sirviente a utilizar la servidumbre para acceder a otras partes de su terreno, aun cuando: (a) no existe necesidad real que lo justifique; (b) el propio Tribunal observó que dicho acceso no es funcional; y (c) el área presenta una pendiente pronunciada que lo hace irrazonable y potencialmente peligrosa.

La parte apelada también compareció mediante alegato escrito. Por tanto, estamos en posición de disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente y el derecho aplicable.

*-II-*

El Código Civil de Puerto Rico de 1930 fue derogado y sustituido mediante la Ley 55-2020, aprobada el 1 de junio de 2020, conocida como Código Civil de Puerto Rico de 2020. No obstante, el derecho de servidumbre del presente caso nació antes de que el Código Civil de 2020 entrara en vigor el 28 de noviembre de 2020. Por tal motivo, hacemos referencia a las disposiciones del ahora derogado Código Civil de 1930, según vigente a la fecha de los hechos del caso, aun cuando la acción se presentó vigente el Código Civil de 2020, ver, además, Artículo 1808 del Código Civil de 2020, 31 LPRA Sec. 11713.

El derecho real de servidumbre era definido por el Artículo 465 del Código Civil de 1930, 31 LPRA sec. 1631, como un "gravamen impuesto sobre un inmueble en beneficio de otro perteneciente a distinto dueño. El inmueble a cuyo favor está constituida la servidumbre se llama predio dominante; el que la sufre, predio sirviente". Así mismo, el actual Código Civil de 2020, indica en el Artículo 935, que la servidumbre es, "el derecho real limitado que recae sobre una finca, denominada finca sirviente, en beneficio de otra finca o de una o varias personas o comunidad individualizadas. Si la relación es entre fincas, la que recibe la utilidad se llama finca dominante. La utilidad puede consistir en el otorgamiento al titular de la finca dominante o a las personas, según sea el caso, de un determinado uso de la finca sirviente o en una reducción de las facultades del titular de la finca sirviente".[1]

A su vez, el Código Civil de 1930 clasificaba las servidumbres según su naturaleza o características. Así, las servidumbres son legales o voluntarias, según las establezca la ley

---

[1] 31 LPRA sec. 8501.

o la voluntad de los propietarios de los predios involucrados.[2] Las servidumbres pueden establecerse "en provecho de una o más personas o de una comunidad a quienes no le pertenezca la finca gravada".[3] Otra característica de las servidumbres la establece el Art. 471 del Código Civil, de la siguiente manera:

> Las servidumbres son indivisibles. Si el predio sirviente se divide entre dos o más, la servidumbre no se modifica y cada uno de ellos tiene que tolerarla en la parte que le corresponda.
>
> Si es el predio dominante el que se divide entre dos o más, cada porcionero puede usar por entero de la servidumbre, no alterando el lugar de su uso, ni gravándola de otra manera.[4]

De otro lado, el Artículo 467 del Código Civil distinguía que las servidumbres que afectan a las tierras pueden ser divididas en dos clases: personales y reales.[5] En cuanto a las reales, también llamadas prediales, son aquellas que disfrutaba el propietario de una finca, constituidas sobre otra propiedad vecina para beneficio de aquella. Se llaman así porque, estableciéndose para beneficio de una propiedad, las obligaciones que la constituyen se prestan respecto de dicha propiedad y no respecto de la persona que sea su dueño.[6] Uno de los tipos de servidumbres prediales lo constituyen las servidumbres de paso y estaban regidas en nuestro ordenamiento por los Artículos 500 a 506 del Código Civil.[7] Específicamente, el Artículo 500 define la servidumbre de paso como el derecho que tiene un propietario de exigir que se le permita el paso por las propiedades vecinas cuando su finca o heredad se encuentra enclavada entre otras ajenas y sin salida a camino público, previa la correspondiente indemnización.[8] En cuanto a su ejercicio, **las servidumbres de paso son de**

---

[2] Art. 472 del Código Civil, 31 LPRA sec. 1638; *Ciudad Real v. Municipio de Vega Baja*, 161 DPR, a las págs. 171-172.

[3] Art. 466 del Código Civil, 31 LPRA sec. 1632.

[4] 31 LPRA sec. 1637. Como antes indicamos, se refiere al Código Civil derogado.

[5] 31 LPRA sec. 1633.

[6] *Id.*

[7] 31 LPRA secs. 1731 a la 1737.

[8] 31 LPRA sec. 1731.

**naturaleza discontinua, ya que se utilizan invariablemente a intervalos más o menos largos de tiempo y dependen de los actos del hombre para su aprovechamiento.**[9] Debido a esta naturaleza discontinua, como regla general, la servidumbre de paso sólo puede adquirirse mediante título.[10]

Ahora bien, también se ha sostenido que las servidumbres de paso pueden ser aparentes o no aparentes, y esa distinción depende de si se anuncian, o no, mediante la presentación de un signo exterior que revele su existencia y uso o aprovechamiento.[11] En cuanto a las servidumbres aparentes, éstas se pueden constituir por el dueño de una o varias fincas. En lo pertinente, el Art. 477 del Código Civil, dispone lo siguiente:

> La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura.[12]

Es decir, el "signo aparente" de una servidumbre de paso puede constituir "el título" necesario para exigir su continuidad y utilización si se cumplen los requisitos establecidos en el antedicho Art. 477: (1) la existencia del signo aparente de servidumbre entre dos fincas; (2) que el signo aparente de servidumbre lo haya constituido el dueño de ambas fincas; (3) que una de las fincas se enajene a un tercero; y (4) que no se haya hecho desaparecer el signo aparente de servidumbre antes del otorgamiento de la escritura de enajenación, o que no se haya hecho una manifestación contraria a la subsistencia del signo en el título de

---

[9] Art. 468 del Código Civil, 31 LPRA sec. 1634. (Énfasis suplido).
[10] Art. 475 del Código Civil, 31 LPRA sec. 1653.
[11] *Soc. de Gananciales v. Mun. de Aguada*, 144 DPR 114, 123 (1997).
[12] 31 LPRA sec. 1655.

enajenación de cualquiera de las fincas.[13] En cuanto al primer requisito, el Tribunal Supremo ha expresado que un signo aparente es "la exteriorización o expresión manifiesta de un hecho visible que revela una relación de servicio en un determinado aspecto entre dos fincas y el cual es establecido por el dueño de ambas".[14] Es decir, las servidumbres de paso no se presumen, por lo que hay que probar su constitución. Así pues, como la servidumbre de paso constituye un serio gravamen sobre el predio sirviente, ésta no puede imponerse livianamente.[15]

Ahora bien, el propietario del predio dominante no adquiere, por la indemnización, la propiedad del paso, sino solamente el derecho de servidumbre, que no implica expropiación, sino limitación de la propiedad. Por esto, el dueño del predio sirviente puede seguir utilizando éste como mejor le convenga con la condición de no obstaculizar el paso.[16]

Finalmente, en relación con que la propiedad no se encuentre enclavada, el TSPR ha expresado lo siguiente:

> [...] el hecho de que [una] finca tenga acceso a vía pública **no excluye la posibilidad de que ésta adquiera una servidumbre de paso por signo aparente**. Sabido es que la circunstancia de que una finca tenga acceso a camino público no impedirá la aplicación del Artículo 477. Si existe un signo aparente de la servidumbre de paso, ésta surgirá no empece a que el predio beneficiado ya tenga otro acceso a camino público, sea este directo o en virtud de otra servidumbre.[17]

### -*III*-

Conforme establece nuestro derecho, los apelantes no son titulares del predio de terreno que constituye la servidumbre. La servidumbre solo confiere el derecho al paso a su propiedad, pero no otorgó la titularidad sobre ese predio. Los apelantes como

---

[13] *Díaz v. Con. Tit. Cond. El Monte N. Garden*, 132 DPR 452 (1993).
[14] *Soc. de Gananciales v. Mun. de Aguada, supra*, a la pág. 125.
[15] *Ciudad Real v. Municipio Vega Baja, supra*.
[16] *López Amaral v. Márquez*, 102 DPR 239, 245 (1974).
[17] *Díaz v. Con. Tit. Cond. El Monte N. Garden*, supra, págs. 469-470. (Énfasis suplido).

dueños del predio dominante no pueden utilizar el área de servidumbre de paso de cualquier forma que impida el paso a los apelados a su propiedad u otras partes de su propiedad.

El foro de primera instancia observó en la vista ocular que la servidumbre discurre por terrenos de los apelados desde la carretera municipal hasta la propiedad de los apelantes, de manera que, si se utiliza como estacionamiento estaría en contra de su uso e impediría a los apelados tener acceso a otras partes de su propiedad. El terreno es de los apelados, inclusive por donde discurre la servidumbre de paso solo que está grabado por el derecho a uso dispuesto por la servidumbre. No obstante, sobre la servidumbre como tal está impedido de ejercer dominio como alegan los apelados plantando jardines, o cualquier otra actividad.

De otro lado, los apelados deben tolerar el paso por la servidumbre de los apelantes y no pueden menoscabar el uso de la servidumbre al estacionar sus vehículos en la servidumbre, imposibilitando u obstruyendo de alguna manera el paso de cualquier vehículo por la servidumbre. En este punto hacemos nuestras las siguientes expresiones del foro apelado:

> Conforme a las normas reseñadas, queda claro que el der[e]cho de servidumbre de paso es un gravamen que se impone sobre un predio el cual se denomina como sirviente, en favor de otro que se de[n]o[m]ina dominante. El dueño del predio domina[n]te ejercita todos los derechos que confiere la serv[i]dumbre en cuanto al uso, utilidad y beneficio que se confiere. El derecho a servidumbre no confiere una titularida[d] sobre un predio de terreno perteneciente al predio sirviente, el terreno que ocupe la se[r]vidumbre continúa siendo propiedad del dueño del perdió [sic] sirviente. Se trata de un gravamen impuesto sobre un inmueble en beneficio de otro perteneciente a otro dueño. Es un gravamen sobre el predio sirviente que se debe establecer inclusive tomando en consideraci[ó]n el lugar menos perjudicial al predio sirviente. Ese g[ra]vamen [sic] de servidumbre los que establece es una serie de derechos y obligaciones con relación a los predios que afecta. Se ilustra lo antes dispuesto cuando el Código Civil dispone que el

titular dominante puede hacer a su costo en la finca sirviente las obras necesarias para el uso y la conservación de la servidumbre, pero sin alterarla ni hacerla más gravosa. Que debe elegir para ello el tiempo y la forma convenientes, a fin de ocasionar la menor incomodidad posible al titular sirviente. El titular sirviente debe tolerar, cuando sea necesario, la ocupación parcial de la finca para llevar a cabo estas obras. De esta manera se establece que, inclusive para las obras de uso y conservación, el predio sirviente debe tolerar la ocupación de su finca solo para llevar a cabo estas obras.

Reiteramos que la servidumbre confiere el derecho de paso a la parte apelante a su propiedad, pero no la titularidad sobre ese predio. Ninguna de las partes puede utilizarlo como estacionamiento de manera que impida el paso a los apelados a otras partes de su propiedad o impida el paso de los apelantes hacia su propiedad. Los apelados deben tolerar la servidumbre de paso existente y no pueden menoscabar el uso de la servidumbre al estacionar sus vehículos en la servidumbre, imposibilitando u obstruyendo de alguna manera el paso de cualquier vehículo por la servidumbre. Tampoco pueden los apelantes impedir que la parte apelada utilice la servidumbre de paso para llegar a cualquier otra parte de su terreno o propiedad y, mucho menos ejercer ningún tipo de acto dominical sobre la servidumbre de paso salvo lo permitido en el Código Civil.

### -IV-

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *confirmamos* la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones